The next matter, number 24-1235, United States v. Nivaldo da Conceicao-Level. At this time, would counsel for the appellant please introduce himself on the record. Good morning, my name is Leo Aldridge and I represent Mr. Nivaldo da Conceicao-Level, who appealed his sentence. May it please the court, I'd like to request two minutes for rebuttal. You may. As the court knows, this is a drug trafficking, drug smuggling case involving an airplane, where the district court committed three legal errors that drove the guidelines and the final sentence significantly upwards. The sentence of 135 months is driven by the three errors, which are a failure by the court to properly assess my client's role reduction. Number two, the failure of the district court to properly assess whether there was duress under the guidelines. There was a departure guideline at the time, not anymore. And number three, the weapon enhancement that was placed on my client because of a knife found in the airplane. And I'd like to address those in order. As to the role reduction issue, the district court did not consider any other participant in the offense conduct, other than the two people in the plane, and by the way, the two only people in the indictment. The defense counsel, did you preserve this legal objection? Because the government has said that really the argument at the sentencing was focused just on the facts and whether the minor role was appropriate based on the facts not, and whether the legal analysis was being done correctly, and that your brief on appeal also really focuses on whether the district court clearly erred. So can you address whether there was actually sufficient notice to the district court about a legal error? Of course, Your Honor. Thank you. At the sentencing hearing, which actually took place in the same courtroom, I brought to the attention of the court the fact that the government had brought a separate indictment where they charged for this same offense conduct, the alleged mastermind of this alleged flight, not alleged flight, of this flight. The alleged mastermind of this flight was indicted in a separate case, and that was brought to the attention of the court. It was brought to attention of the court also that my client had been recruited by somebody, and that somebody had told him that the only way of getting back to his home would be doing that flight. Can I just focus in on that in the sentencing hearing? I see there's a case number that you cited to 23085. Is that what you're referring to? Yes, Your Honor. And whose case was that? Was it Ruiz-Patino? I'm not sure at this moment, but I do know that in page five and six of the government's brief, they do mention two people, and they mention the two people. They say something along the lines of, unbeknownst to my client and his co-defendant, the true targets, the additional targets of this offense conduct were these two people that were mentioned in page five and six of the government's brief. So there is a universe of people that have been identified for the district court, and the district court instead just focused solely on the two people in the indictment and solely on the two people on the airplane, eschewing all the other people that were identified to the court. And 3B1.2 requires that first, a universe of people be identified. Second, that the average participant, that an average be laid out, that the person be put on a spectrum and then decide whether he is a minor, minus two, minus three, or minus four. And that didn't happen. I understand your argument, counsel, but I think all the language that you just used, I didn't see it reflected in the record. So the language that you just used would analysis, court, you need to identify an average participant, you need to look at the entire universe, etc. But that just doesn't seem to be reflected in how the case was argued, how the sentencing was argued to the court. Well, Judge, there was the factual matters had more, more prominence, no doubt. But I think that they do dovetail when you are arguing factual matters, it dovetails with the legal things. And understand this, are you saying that in your factual point about why the role was minimal to others, the comparator you were using was a person that under GIA had to be considered, but that the district court in its analysis did not consider. Is that the basic idea? Yes, Your Honor. So you're just saying implicitly, there's just no way to understand your argument as other than defining the universe as broader than the district court thought it should be defined. So whether we use legal language or not, if under GIA, the person you were saying you had to compare to has to be considered, then it's just error under GIA. Is that the idea? Yes, Your Honor. And 3B1.2, which obviously GIA shuts light on 3B1.2. But the general idea is precisely that there needs to be... One other way. In your argument under GIA now, are you identifying anybody in the universe you did not identify below? No, Your Honor, I'm not. And to address Judge Rickman's question... Can I just follow up on that? The record now, the record that we have, does that reflect a different universe of participants than you're arguing to us now? I don't believe so, Judge. No. I think that the people that are identified are the people that were in the encampment, the people that put the directions in the GPS, the recruiter that, under false pretenses, brought my client to the Venezuelan Amazon, the mastermind... It was the exact universe of likely participants you're arguing to us under GIA should have been considered. Yes, Your Honor. And just so I understand the last point on this, in your view, is there a particular person the district court excluded from consideration that you think, if they were included, you would likely win under GIA? Because even if there's a GIA error, it could be harmless. So is there somebody that you identified below that the district court did not consider? Yes, Your Honor, everybody. Who would make a difference? Who do you have in mind that you mentioned below? Well, Your Honor, I think I addressed that question twofold. Number one, procedurally, the analysis was not made. The threshold question of doing the universe was not done. The second prong of the answer would be that many people would probably give an average that benefits my client. The recruiter that went affirmatively to my client's flying school and said, come with me, I have a gig for you... Do I make that point below to the district court? Yes, Your Honor. I said that there were other people. I mentioned that there were... Well, that's one thing to say there are other people. It's another thing to say there's a recruiter who went to my client and that person had a more substantial role than my client. We're just trying to figure out what you... Because there's two different things. I think it's undeniable you didn't use the terminology in the argument below. So just the formal claim, you have to identify the universe, you're not identifying the universe, that's not how it was presented. But I think if I'm hearing you, you're saying effectively though, if a person identifies a universe broader than the district court considers, it's got to be wrong. But for that to work as an argument, you do have to identify those persons below. And I did, Judge. And to your point, I think the best argument is that the recruiter, yes, but I said, and this is page 57 of the trial transcript, and I think I have to cite a related case here. It's 23-085. The government has... You can keep going. The government has under the Honorable Pedro Delgado, the government has charged a man and people was being the mastermind of this drug venture. So what I'm trying to relay is that if I'm identifying the mastermind, by definition, my client is below in that totem pole of the mastermind. Counsel, what page did you just reference? Page 57 of my client's addendum, the trial transcript. Now, if there's a version of this, which is forfeiture, and there's a version of this, which is waiver, if it wasn't fully raised below, it still could be just forfeiture, and then you're on plain error. And I take it your argument is that it just is plain error now that Guy is out? I would submit that this court should evaluate it under de novo because of guideline applicability and a legal error of not considering... Make a plain error argument on appeal or not? I... Yes, Judge. I cited the legal standard and asked if I may continue or... You can finish this point. In terms of the brief, I mentioned this issue in page 14, 20, 24, 25, 27, and 28. Thank you. Thank you. Thank you. At this time, would counsel for the government please introduce herself on the record to begin? Good morning, your honors, and may it please the court. Maggie Utech for the United States. We ask this court to affirm Mr. Lavelle's sentence. This appeal raises three claims of error based on the factual findings of the district court, and this court will review it for clear error. Unless the court directs me otherwise, I'll begin with the mitigating role argument as well. It is the government's position that Mr. Lavelle waived any claim regarding the district court's analytical framework, and the only claims that he does bring in his opening brief on pages 26 to 85 regarding specific factual disputes. It's a well-settled principle that arguments not raised in opening brief are considered waived. The court... In the opening brief, is he referring to... I just don't recall. Is he referring to persons who were outside the universe that the district court used as comparators? Your honor, in the opening brief, he lays out the standard review, the governing principles to 3b 1.2, and then in his argument, he is only challenging specific factual findings within the legal framework. Yeah, but in doing that, is he saying the error was relative to other people who were outside the universe of whom the district court considered had a more substantial role? No, your honor. In this instance, he is attacking the specific facts about what he knew about the drug conspiracy and the government's position that he was aware of details such as where the drugs were originally going, the fact that an official in Venezuela had been paid, and Mr. Lavelle's argument is how he came to hear them was that it was overheard. So in that case, it's not that he knew these details, but it's irrelevant whether it was overheard or whether he was permitted to be sitting in on these conversations. He also attacks the government's argument regarding whether he was involved in preparing for the venture, and he just goes back and reiterates his argument that, no, my side of the... This sentence on 27, even though he was an essential part of the conspiracy, he was less culpable than every other member of the conspiracy who dealt drugs with and who protected them with firearms. Everything that he actively did was regarding the plane and the act of safely flying it because that was his only role. Your honor, the government... Is that a reference to people outside the universe of whom the district court considered? Your honor, the government posits that that's just a general statement relating to what are the principles of... What's general about it? He's naming the other people in the conspiracy, saying every other member of them was... He was less culpable than every other member, and the district court never made a finding about that because it didn't consider all those members. Your honor, in this instance, that still goes back to the fact that Mr. Lebel failed to raise the procedural argument about identifying the universe of participants. If we look to... What's the significance of that? So fine. In a case in which the person... Imagine a district court considers the right universe, but fails to actually formally go through here's the universe. You could say you didn't follow Gia because technically you didn't identify the universe first, but we would say who cares if he got the universe right? Similarly here, if the defendant doesn't say you didn't go through step one, but instead says here's the universe of people that I am less culpable than, and the district court responds by saying you lose because you're less culpable than a smaller universe, and under Gia, that's the wrong universe. This just seems like formalism to say, oh, then there's no argument being made under Gia. I mean, that's the whole point of Gia, isn't it? Your honor, in the moment, Mr. Lebel did not object to what the court then identified as the universe, and it's also the defendant's burden to establish that he deserves a mediation role. He may have mentioned various individuals, but the universe itself was not established upon the continuum, and that's something that wasn't necessarily new to Gia. Both Arias Mercedes and Walker speak to identifying the universe and laying out that continuum, and it is the defendant's burden to establish as much, and when the district court said here, I see that there are two defendants, there was no objection made as to that, and moreover, in the appellant's brief, he never raises that procedural claim, even though it was not novel at that point in time. In fact, the same attorney in this case had briefed a similar issue just for three months prior and specifically said that the district court did not conduct the proper legal analysis because he did not identify the universe of participants, but in this case, he waits until the week before oral argument. Is the government's position, just so I understand what the government's position is, if a defendant says, I should get a mitigating role because I am less culpable than these 10 other people, the district court then says, I'm denying it because I'm only going to compare you to your co-defendant, and you're not less culpable than him. Is that error or not in the government's view? Is the court asking if we should be applying the GIA analysis onto what the court did in this instance of the district court? In my hypothetical, is that an erroneous application after GIA? Is that an erroneous application of the mitigating role reduction? The government acknowledges that the district court did not fully comply with GIA, but it is our position that Mr. Lavelle waived any arguments. He did not raise it in his opening brief, even though the claim was available. Another big issue compared to other cases is that the government filed its responsive briefing after GIA came out. The opening brief was December of 2024. GIA came out April 4th. The government briefed on April 15th. It highlighted specifically this issue of waiver because Mr. Lavelle failed to raise it in his opening brief. Then no reply was filed, and there was no request for supplemental briefing. We argue that there is a second waiver because even until this day, under Zanino, it is an undeveloped argument. He had the ability to raise it various times, and he simply chose not to. Counsel, I'm just looking at the page of the transcript that your opposing counsel referenced, and he cites the related case to the district court 23085, which Judge Manicola asked about and says that the government has charged a man and other people with being the mastermind of this drug venture. Who was charged in 23085? In that instance, if we look to page 31 of the PSR, there's reference to a report of investigation that gives background to the situation that of the defendant in this instance. There are two individuals, Ruiz Patino and Lopez Enoa, are referenced in the ROI. Those are the individuals that are involved in this related case that was mentioned on that page. Just remind me, what exactly was their conduct in this particular flight? In this instance, they were the two individuals that an undercover TFO based in Puerto Rico was in contact with, and that is how we knew this 450 kilo drug shipment was coming in to Puerto Rico. They had conversed with them, and it was through them that we were aware that Mr. Lovell was flying in on November 11th. Thank you. If there are no further questions as to this issue and any of the others, the government rests on its brief. Thank you. Counsel, please reintroduce yourself on the record to begin. My name is Leo Aldrich, and I represent Mr. Nivello. I'm sorry, Mr. Nivello. I had mentioned in opening that the two other points besides the first one were duress and the knife. I'd like to briefly address duress. Before you get to either of those, can you just address the last point the government made about whether in the face of, I mean, there is this sentence. There's no reference to the universe of participants and the obligation to have a broader universe. You do reference people outside the universe of what the district court considered in the opening brief that you're less culpable than these other people, but there's no assertion the district court erred by not considering the right universe. The government then says you've waived that argument because you're never apprising the district court that it's got the wrong universe. And in your opening brief, you don't say the problem with what the district court did is that it had the wrong universe. So they say that's waiver. And then in the face of them having said it's waiver, rather than filing a reply brief where you would develop an argument as to why it's not, there is no reply brief. So why isn't that waiver for just lack of developed argument as to this contention that the problem was failing to consider the proper universe? It isn't waiver or forfeiture, Judge, because in the brief, in page 14, I say that Mr. DeConsancio is less culpable in the grand scheme of things. He is less culpable than the other people involved in the drug venture. In page 20, I say that he is less culpable than the other members of the conspiracy. In page 24, I say that this court should evaluate the legal conclusions de novo. In page 25, I reference 3B1.2, the guideline and mention that it requires that I mentioned in a series of places. If I'm following the government, there's kind of two dimensions. There's if I have the right universe, there's the question of are you less culpable than the people in it? Right. And then there's a second issue. Do I have the right universe? And the way you've written the brief, one could take you to be just focusing on how culpable am I relative to anybody else without complaining about the universe being wrong. And there isn't anything either below or in the brief that directly makes that point. And most would be implicit because you just keep mentioning people the district court doesn't mention. So what are we supposed to do about that? Well, respectfully, I think that when I do mention a bunch of people, including recruiters, including a mastermind, I think that that is a universe of people in the offense conduct. It's precise not perhaps not was exquisite precision that I've related is perhaps not with magic words, but I have related in several points during the brief and during the district court sentencing here. But counsel, where do you mention the recruiter below? I'm just I'm looking at the page that you had referenced to us just a few minutes ago, and you say the second and last objection I have to the PSR is that a minor role was not included for my client. I have to cite a related case. That's where you referenced twenty three zero eight five. And then all you say is the government has charged a man and other people with being the kind the mastermind of the drug venture. I don't see anything about a recruiter. I just see a argument about duress. I say that the person that recruited him went to his flying school in in Brazil and recruited him under false pretenses to do mining jobs. And then that recruiter told them that the only way of going back home was to do the flight. But that's a duress point that's not raised as he had less culpability than that person. Do you ever make that point below? Not precisely as to the comparing him was the recruiter per se. My point would be to the general universe. And including in that general universe, the mastermind. I think, though, you know, counsel, that the reason that we have the different standards is we want to make sure the district court has a real opportunity to address the particular argument that you're making. And I'm just trying to figure out based on the pages you've cited to us if you ever really made an argument to the district court that it needed to consider the recruiter. And I'm just not for the minor role adjustment. I'm not seeing that. I'm not seeing those dots connected. Is there anything else you would point to? As to the recruiter, just the recruiter. Right. Anything other than the reference on page 57 that is really sort of connecting the dots for the district court about your minor role argument? Not as to the recruiter. Just one follow up on 57. You mentioned the mastermind you cite to this other case. We know in the PSR, I think the government mentioned there these the two men who sort of set up the whole incident here. Are those or is it those two men that you're referring to as the masterminds? Yes. And those two men are mentioned are mentioned by name in the PSR report. They are. And the government mentioned them in their brief as well. Thank you. We've hijacked your rebuttal. So why don't you take the two minutes that you reserved for the other two issues? That's fine, Judge. Thank you. The duress argument is that I think I've touched upon it a bit. My client was recruited in his hometown in Brazil, taken in a voyage of 24 hours, including a car, motorcycle, a boat over rivers. And he was in an encampment in the middle of the Venezuelan Amazon. He was told by this recruiter that the only way of getting back home was to do this flight. The government has presented the fact that the fact that he was going to get paid negates the duress. But he was in a position where he could not say no because he was surrounded by people in fatigues with long weapons. He had no other choice but to do that. Would it be a successful affirmative defense at trial? We decided that it would not, but it's still available to us under a guideline departure, which is no longer available. But my contention would be that the district court erred in determining that there was no explicit threat. And I submit to you that under SECDEF, this court has said that it doesn't have to be an explicit threat. It could be an explicit threat. The language was no threat was articulated. Is that right? The language is. And so I take it, what Sam, you threw in the word explicit. The district court didn't say explicit, right? Right. The district court said this is a close call, but I don't think that a threat was articulated. And the defendants. And so your worry is that the use of the word articulated may reflect the district court's view that it had to be more explicit in order to count two points on that. Number one, that the court erred in determining that the only way of getting back home is to do this flight is not an articulated threat. That's one error. And the other error would be that the court needed increased the threshold, needing it to be explicit where SECDEF has said that it could be either implicit or explicit. So even if you take the statement of the recruiter as implicit or even you take the general ambience as implicit, then the court has increased the threshold. I take it your point is there's just no way to understand that statement other than something quite bad is going to happen to you if you don't fly. Is that the idea? Yes, your honor. If I'm told that the only way of getting back home today is by doing this argument, my understanding would be that I have to do it. And if I'm going to get paid, might as well, yes. But you'll be glad that time's up then. Thank you, Judge. Thank you, counsel. That concludes argument in this case.